UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JEREMY L. SCHLOSS, | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
| v. | )   No.: 12-3061-SEM-TSH |
| | ) |
| | ) |
| SHON ORRILL, *et al.*, | ) |
| | ) |
|        **Defendants.** | ) |

**ORDER**

**TOM SCHANZLE-HASKINS, U.S. Magistrate Judge:**

This cause is before the Court for consideration of the pending motions that the Court will address *seriatim*.

**QUASH SUBPOENA**

The Illinois Department of Human Services and Lynne Shelton ("the Movants") have filed a motion to quash a subpoena served upon them by Plaintiff pursuant to Federal Rule of Civil Procedure 45. In its September 13, 2013 Order, the Court ordered Movants to either comply with Plaintiff's subpoena or file a motion to quash.

In the instant motion to quash, the Movants argue that the Court should relieve them from their obligation to comply with Plaintiff's subpoena because Plaintiff has failed to accompany his subpoena with the $180.43 requested fee for complying with the subpoena. The Movants argue that the Court should require Plaintiff to pay this fee because: (1) as non-parties, they should not be required to fund Plaintiff's litigation; (2) retrieving and redacting the documents

1

would place an undue burden upon them; and (3) allowing the subpoena to stand without the payment of the requested fee would establish a bad precedent for other litigation.

Federal Rule of Civil procedure 45(c)(3) requires a court to quash a subpoena where "(1) it fails to allow a reasonable time for compliance, (2) requires a non-party to travel more than 100 miles (with some exceptions), (3) requires disclosure of privileged or protected information, or (4) subjects a person to undue burden." *Ameritox Ltd. v. Millennium Labs., Inc.*, 2012 WL 6568226, * 2 (N.D. Ill. Dec. 14, 2012). "The party seeking to quash a subpoena bears the burden of establishing the subpoena falls within the Rule 45 criteria." *Malibu Media, LLC v. Doe*, 2013 WL 5177076, * 1 (S.D. Ind. Sept. 12, 2013). Whether to grant a motion to quash lies within the sound discretion of the district court." *United States v. Ashman*, 979 F.2d 469, 495 7th Cir. 1992). "Courts are particularly sensitive to limiting costs imposed on third parties and may require a party serving a subpoena on a third party to pay the reasonable costs of responding to the subpoena." *JZ Buckingham Invest., LLC v. United States*, 78 Fed. Cl. 15, 26 (Ct. Cl. 2007); *Mycogen Plant Science, Inc. v. Monsanto Co.*, 164 F.R.D. 623, 628 n. 10 (E.D. Pa. 1996)(quoting the Advisory Committee Notes to the 1991 Amendments: "A non-party required to produce documents or materials is protected against significant expense resulting from involuntary assistance to the court.").

In the instant case, the first two considerations are inapposite to the Court's inquiry. Likewise, the Court will not require the disclosure of any privileged or protected information but will allow redaction by the Movants. Therefore, the third consideration does not bar the Movants' compliance with the subpoena.

The salient inquiry is whether compliance with the subpoena will subject the Movants to undue burden. The Court finds that it will not. In the scheme of federal litigation today, $180.00

is not an exorbitant amount to spend on responding to a subpoena. Although third parties are entitled to special protections from the Court, the Movants have not detailed any special circumstances that would militate against enforcing the subpoena. The Movants testify that it will take time to compile the responsive documents and make redactions as necessary, but they do not set forth any circumstances that would constitute an undue burden. Indeed, complying with discovery is always a burden; the Court simply cannot find that it would be an undue burden here.

Finally, the Court will not require Plaintiff to pay the $180.00 before receiving the subpoenaed documents. As one district court has noted, "[a] nonparty responding to a subpoena is typically required to pay its own costs of production." *Maximum Human Performance, LLC, v. Sigma-Tau Healthscience, LLC*, 2013 WL 4537790, * 4 (D.N.J. Aug. 27, 2013)(internal quotation omitted). Although the Court appreciates the Movants' concern about litigation cost-shifting strategies to the State if the Court allows the enforcement of subpoenas without the payment of copying costs, each subpoena and discovery request must be evaluated on its own merits. The Court has previously found that the subpoena is relevant for purposes of Rule 26 and Rule 45. Discovery requests in future cases may not be, and the Court may require those litigants to pay a fee associated with responding to a subpoena. Here, however, the Court finds no undue burden on the Movants and will not require the payment of the $180.00 associated with copying the requested documents in order for Plaintiff to obtain the subpoenaed documents. Accordingly, the Movants' motion is denied.

## **WITHDRAW CONSENT TO MAGISTRATE JUDGE**

Next, Plaintiff moves to withdraw his consent to have this case heard by a United States Magistrate Judge rather than by a United States District Judge. Plaintiff's motion is moot.

Since filing his motion, the United States Magistrate Judge to whom this case was assigned retired. Upon his retirement, the case was assigned back to United States District Judge Sue E. Myerscough. Accordingly, in order for the undersigned to hear this case, the Parties would need, again, to execute the required consent forms. Because the Parties have not done so and until they do so, this case will be heard by United States District Judge Myerscough for a determination of any dispositive motions and for trial, if necessary. Therefore, Plaintiff's motion is moot.

Nevertheless, this case has been referred to the undersigned for the resolution of non-dispositive motions and issues. 28 U.S.C. § 636; Fed. R. Civ. Pro. 72. Accordingly, the undersigned possesses the authority to issue this Order and to render these rulings without the Parties' consent. As for a ruling on any dispositive motion and for conducting a trial, those tasks will be performed by District Judge Myerscough unless the Parties, again, consent to having the undersigned preside over this case.

## COMPLIANCE WITH THE COURT'S SEPTEMBER 2013 ORDER

The Parties have filed several motions regarding Defendants' compliance with the Court's September 2013 Order that required Defendants to disclose numerous documents and statements to Plaintiff. As for Defendants' two motions to extend the time to comply with the Court's Order, Defendants' motions are granted without objection from Plaintiff.

Likewise, Defendants' motion to reset the dispositive motion deadline and for leave to depose Plaintiff are granted without objection from Plaintiff. Accordingly, Defendants should depose Plaintiff within sixty (60) days from the date of this Order, and the Parties should file their dispositive motions, if any, within (90) days from the date of this Order.

As for Plaintiff's motion for leave to supplement discovery, that motion is denied. In that motion, Plaintiff attempts to place certain documents into the Court's record. In other words, Plaintiff's motion is not one asking Defendants to supplement their discovery production, nor is it one seeking more discovery responses. Indeed, Plaintiff represents that he has obtained the documents at issue on his own. Because Plaintiff is in possession of the documents, there is no need to supplement discovery. To the extent that Plaintiff simply wants these newly discovered documents to be a part of the record, a motion to supplement discovery is not a proper procedural mechanism to accomplish that task. Accordingly, his motion is denied.

The Parties have also filed cross-motions asking for an in-camera review of certain documents. Plaintiff asks the Court to compel Defendants to produce un-redacted copies of the documents after the Court conducts its in camera review; Defendants ask the Court to enter a protective order precluding them from producing un-redacted copies. Defendants have filed the disputed documents under seal with the Court.

The Court will grant the Parties' motion for an in camera review. The Court has reviewed the documents filed with the Court as docket entry 101. Based upon its review, the Court finds that redacted copies of the documents are sufficient to provide to Plaintiff. Defendants obtained redacted copies of certain requested documents from the Illinois Department of Human Services, and Defendants are not required to produce documents in a form other than as they received them from DHS.

Moreover, the Court is persuaded by Defendants' security concerns that redaction is necessary. Accordingly, Defendants' motion for leave to file documents under seal is granted, Plaintiff's motion to compel is denied, and Defendants' motion for a protective order allowing them to produce only redacted copies of the documents at issue is granted.

## JUDICIAL NOTICE

Finally, Plaintiff asks the Court to take judicial notice of certain retaliatory acts taken against him since he filed this lawsuit. Plaintiff details actions taken against him by certain employees at Rushville, asks the Court to take judicial notice of the facts as he alleges them to be, and asks the Court for unspecified relief.

Federal Rule of Evidence 201(b) authorizes district courts to take judicial notice of a "fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or **(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* Plaintiff's allegations of retaliation fail to satisfy either prong necessary for the Court to take judicial notice of the alleged retaliation. *C.f. LaSalle Nat'l Bank v. First Connecticut Holding Group, LLC*, 287 F.3d 279, 290 (3d 2002) ("There is absolutely no way that the contents of Rosen's disputed conversations with the judge's law clerk even remotely satisfies the requirements for judicial notice in Rule 201(b)."). Accordingly, Plaintiff's motion is denied.

**IT IS, THEREFORE, ORDERED:**

1. The Illinois Department of Human Services and Lynne Shelton's motion to quash subpoena [86] is DENIED, and the Movants are ORDERED to produce the subpoenaed documents to Plaintiff, with redactions if necessary, within thirty (30) days of the date of this Order.

2. Plaintiff's motion to withdraw his consent to the United States Magistrate Judge [87] is DENIED as moot, and this case will be tried, if necessary, by United States District Judge Sue E. Myerscough unless and until the Parties consent again to having the undersigned preside over this case.

3. Defendants' motions to extend time to comply with the Court's September 2013 Order [89 & 91] are GRANTED.

4. Defendants' motion to reset dispositive motion deadline and for leave to depose Plaintiff [94] is GRANTED. Accordingly, Defendants must depose Plaintiff within sixty (60) days of the date of this Order, and the Parties must file their dispositive motions, if any, within ninety (90) days of the date of this Order.

5. Plaintiff's motion for in camera review [96] and Defendants' motion for leave to file under seal and for in camera review [100] are GRANTED. The Court will allow the documents that Defendants filed under seal (*i.e.*, docket entry 101) to remain under seal, and the Court has conducted an in camera review of those documents. After conducting this review, the Court finds that a protective order allowing Defendants to produce the documents at issue in a redacted form is necessary, and it denies Plaintiff's motion to compel [95] Defendants' to produce the documents in an un-redacted form.

6. Plaintiff's motion for leave to supplement discovery [97] is DENIED.

7. Plaintiff's motion to take judicial notice [102] is DENIED. Therefore, Defendants' Motion to Strike Document 102 [104] is DENIED as moot.

Entered this 29th day of July, 2014.

                                                          /s Tom Schanzle-Haskins
                                                          TOM SCHANZLE-HASKINS
                                                          UNITED STATES MAGISTRATE JUDGE